**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| JON T. OESTERREICH, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:20-cv-02480 |
| GC SERVICES LIMITED PARTNERSHIP, | |
| Defendant. | DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes JON T. OESTERREICH ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of GC SERVICES LIMITED PARTNERSHIP ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within, conducts business within, and a substantial portion of the events or omissions giving rise to the claims occurred within, the Southern District of Texas.

**PARTIES**

4.  Plaintiff is a 58 year old natural "person," as defined by 47 U.S.C. §153(39).

5.  Defendant is a third party debt collector holding itself out as the largest privately held provider of collection agency services in North America.[1] Defendant is a limited partnership organized under the laws of the state of Delaware with its principal place of business located at 6330 Gulfton Street, Houston, Texas.

6.  Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8.  The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

9.  The subject debt stems from purportedly past due payments Plaintiff is said to owe in connection with a Citibank ("Citi") credit card Plaintiff used for personal purposes.

10. On information and belief, Defendant acquired the collection rights to the subject debt after Plaintiff's purported default with Citi and after Citi charged off the subject debt.

11. On or about May 8, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt.

---

[1] https://www.gcserv.com/

12. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

13. The collection letter represents that the "New Balance" on the subject debt totals $7,153.09, and that the "Minimum Payment Due" totals $1,411.11.

14. The collection letter provides no further information about the balance of the subject debt other than to list the new balance and minimum payment due.

15. Plaintiff was confused as to how the total balance of the subject debt totaled $7,153.09, as he did not recall ever owing such a high principal balance to Citi.

16. The collection letter goes on to state, "As of the date of this letter, you owe $7,153.09. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment."

17. Thus, upon information and belief, the $7,153.09 represented as being total balance of the subject debt comprises some other charges additional to the principal amount Plaintiff is said to owe in connection with the subject debt.

18. As *Fields vv. Wilber,* 383 F.3d 562 (7th Cir. 2004) instructs, debt collectors run afoul of multiple provisions of the FDCPA when they send a consumer a collection letter attempting to collect a balance which comprises both principal and some other sort of charges, yet fails to itemize or otherwise explain the charges additional to principal which comprise the overall balance of a particular debt.

19. Defendant's failure in this regard deceived and misled Plaintiff as to the extent of any purported liability in connection with the subject debt, as he was confused and left wondering the

nature of extent of his overall liability on the subject debt, given Defendant's failure to clearly explain the nature of the subject debt.

20.  Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

21.  Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, and a violation of his state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

25.  The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.  Violations of FDCPA § 1692e

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

"The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

"The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

28. Defendant violated § 1692e, e(2), and e(10) through its failure to clearly and fairly communicate information about the amount of the subject debt to Plaintiff in its collection letter. Although Defendant's letter is seeking a total amount of $7,153.09, its failure to indicate that a portion of this total balance was attributable to charges other than principal is in violation of the FDCPA. As circuit courts have stated, "debt collectors must . . . clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses . . . ." *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 565 (7th Cir. 2004). As such, Defendant's failure to explain in its collection letter that the amount sought included add-on expenses additional to principal is in violation of the FDCPA.

WHEREFORE, Plaintiff, JON T. OESTERREICH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT**</u>

29. Plaintiff restates and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

31. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

32. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of TDCA § 392.304**

33. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(8), prohibits a debt collector from "misrepresenting the character, extent, or amount of a consumer debt . . ." The TDCA, under Tex. Fin. Code Ann. § 392.304(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt . . . ."

34. Defendant violated the above referenced provisions of the TDCA through its failure to clearly and fairly communicate information about the amount of the subject debt to Plaintiff in the collection letter it sent.

WHEREFORE, Plaintiff, JON T. OESTERREICH, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

    c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

     d.   Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

     e.   Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

     f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 15, 2020                  Respectfully submitted,

s/ Nathan C. Volheim            s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103      Eric D. Coleman, Esq. #6326734
Federal I.D. No. 3098183           Federal I.D. No. 3442886
Counsel for Plaintiff              Counsel for Plaintiff
Admitted in the Southern District of Texas   Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200    2500 South Highland Ave., Suite 200
Lombard, Illinois 60148          Lombard, Illinois 60148
(630) 568-3056 (phone)          (331) 307-7648 (phone)
(630) 575-8188 (fax)           (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com       ecoleman@sulaimanlaw.com


s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Federal I.D. No. 3470107
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com